UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL MAYO,

                            Plaintiff,                      17-cv-3586 (PKC) (KNF)

      -against-

                                                  ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On May 12, 2017, Michael Mayo, through his attorney, filed this action seeking review of the final decision of the Commissioner of Social Security denying Mayo disability insurance benefits. (Doc 1). This Court referred the action to Magistrate Judge Kevin Nathaniel Fox to hear and report. (Doc 5). Both parties have moved for judgment on the pleadings. (Docs 11, 17).

        On January 30, 2019, Magistrate Judge Fox issued a Report and Recommendation (the "R&R") recommending that the Commissioner's motion for judgment on the pleadings be granted, and Mayo's motion be denied. (Doc 20).[1] Mayo, through his attorney, filed objections to the R&R on February 13, 2019. (Doc 21). The Government responded on February 20, 2019. (Doc 23).

        In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1] Mayo's notice of motion is styled as a motion for summary judgment (Doc 11), while his memorandum of law is styled in support of a motion for judgment on the pleadings (Doc 12). The R&R construed Mayo's motion as a motion for judgment on the pleadings, and Mayo does not contest this construction. R&R at 1 n.1.

In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a de novo review of those matters to which a party filed an objection. Id. The Court may adopt portions of the R&R to which there is no objection "as long as no clear error is apparent from the face of the record." Nieves v. Colvin, 13 cv 107 (AJN), 2014 WL 5089536, at *1 (S.D.N.Y. Sept. 22, 2014) (internal quotation marks and citation omitted).

When reviewing a Social Security claim, a district court does not determine de novo whether the plaintiff is disabled and therefore entitled to disability benefits. See Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the reviewing court determines only "whether the [Administrative Law Judge's ("ALJ")] conclusions 'are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.'" Id. (quoting Beauvoir v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)); see Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (similar).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). However, "[i]n conducting [its] review . . . [the Court] will not substitute [its] own judgment for that of the Commissioner, even if [it] 'might justifiably have reached a different result upon de novo review.'" Campbell v. Astrue, 465 Fed. App'x 4, 5 (2d Cir. 2012) (summary order) (quoting Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984)). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings 'must be given conclusive effect' so long as they are supported by substantial evidence." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (quoting Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982)).

Mayo seeks disability insurance benefits as a result of alleged impairments including a history of cerebro-vascular accidents ("CVA"), degenerative joint disease of the hips, status-post total right hip replacement, obesity, asthma and diabetes mellitus. (Record at 12−13; Doc 9). Under the Social Security Act, an individual is considered disabled and may be entitled to benefits if they have the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Mayo objects to the R&R's conclusions with respect to two determinations made by the ALJ. Mayo asserts that (1) substantial evidence does not support the ALJ's conclusion that Mayo has the residual functioning capacity to perform light work; and (2) the ALJ did not properly weigh treating physicians' opinions. (Doc 21 at 3−5.) The R&R rejected each of these arguments. (R&R at 14−16; Doc 20). In reviewing Mayo's objections to the R&R, this Court considers each issue de novo.[2]

1. The Court Adopts the R&R's Conclusion as to Whether Mayo Has the Residual Functional Capacity to Perform Light Work

Plaintiff objects to the ALJ's ultimate determination that plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). The ability to perform light work has been characterized as the ability to stand or walk, off and on, for six hours

---

[2] The Court has reviewed the portions of the R&R to which no objections were made for clear error and found none.

in an eight-hour workday. <u>Acevedo v. Barnhart</u>, 02 cv 652 (AKH), 2003 WL 841089, at *4 (S.D.N.Y. Mar. 6, 2003).

The ALJ determined that Mayo has the residual functional capacity to perform light work with several limitations. (Record at 14; Doc 9). The ALJ's determination was supported by substantial evidence. The ALJ based the determination on consideration of (1) Mayo's conservative course of treatment following his hip replacement and CVA as proscribed by Dr. Don Young Oh and Dr. Cy Blanco; (2) treatment notes by Dr. Douglas Greenfield and Dr. Joseph C. Elfenbein that indicated he had swift recoveries and was regaining mobility and limited range of motion; (3) his self-reported ability to perform day to day tasks like carrying out the garbage, grocery shopping, using public transportation, and driving; and (4) diagnostic imaging and clinical findings that indicated at most mild impairments for his degenerative joint disease of the knees and neck, shoulder, and back pain. (<u>Id</u>. at 17−18 (citing Record at 171−80, 354−58, 451−55, 490−91, 499−520, 526; Doc 9)). The ALJ added limitations to the determination that Mayo could perform light work, limiting his postural activities and proximity to machinery or heights, based on physician examinations that found lingering effects of CVA and degenerative change in his hip joints, possible side effects of his medications, and the effects of his obesity. (<u>Id</u>. (citing Record at 162, 356, 452, 499−520, 526, 552, 554; Doc 9)).

Plaintiff points to several additional pieces of evidence that he suggests are inconsistent with the ALJ's findings. He claims that the record demonstrates at various points between March 2013 and July 2016 he had limited range of motion, had a limp, used a cane, or had reduced strength in his arms or legs. (Doc 21 at 3). He cites the testimony of Dr. Greenfield, who wrote in a medical opinion that Mayo had a wide-based and mild antalgic gait and was mildly limited in his ability to stand and walk. (Doc 21 at 4−5; <u>see</u> Record at 451−55; Doc 9). He also

cites the opinion of Dr. Oh who noted in March 2013 that Mayo had limited range of motion and walked with a Trendelenburg gait, and in July 2014 that plaintiff was experiencing weakness on his right side, that he was using a cane, and that he was unable to bend, squat, or climb. (Doc 21 at 3; see Record at 336−39, 424−25; Doc 9).

The ALJ considered these pieces of evidence but did not find them to negate the substantial evidence that Mayo was recovering from each of his surgeries well using a limited course of treatment and was, after July 2014, able to walk, at times without a cane, drive, transition from a sitting to standing posture without assistance, and record full strength and sensation in his arms and legs. (Record at 17−18). Mayo also cites to Dr. Blanco's examination of July 2016 in which Dr. Blanco noted that plaintiff had limited range of motion and diagnosed him with osteoarthritis of his left hip. (Doc 21 at 3; see Record at 540−43; Doc 9). But Dr. Blanco, in the same report, stated that plaintiff responded well to the course of treatment offered, suggested additional conservative treatment of physical therapy to supplement the ibuprofen Mayo took for pain relief, recorded that Mayo retained full strength in both legs, and noted that Mayo had a normal gait and cadence and a nonantalgic gait. (Record at 540−42; Doc 9). Even considering the details proffered by Mayo, the ALJ's findings were supported by substantial evidence. The Court adopts the R&R's conclusion as to Mayo's residual functional capacity.

2. The Court Adopts the R&R's Conclusion as to the Weight of Medical Opinions

Plaintiff objects that the ALJ failed to properly evaluate the medical record by giving inadequate weight to Drs. Oh and Elfenbein's medical opinions.

A treating physician's opinion is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). An

ALJ must explicitly consider various "factors" to determine how much weight to give the opinion of a treating physician, Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004), and the ALJ is required to explain the weight ultimately given to the opinion, 20 C.F.R. § 404.1527(c)(2). Failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand. Schaal, 134 F.3d at 505.

Dr. Elfenbein examined plaintiff once in August 2014 pursuant to Mayo's workers's compensation claim. (Record at 354−58; Doc 9). The ALJ considered Dr. Elfenbein's medical opinion and gave it "significant weight" "since it was supported by his direct examination of the claimant and offers a functional analysis of his retained abilities." Record at 18. But the ALJ limited the weight of Dr. Elfenbein's opinion "since it was developed under the particular standards of New York's workers's compensation law and regulations, which are distinct from the Social Security Act and regulations." Id. Dr. Elfenbein was not a treating physician, only an examining physician, and his opinion was entitled "more weight . . . than . . . the opinion of a medical source" who has not examined a claimant. 20 C.F.R. § 404.1527(c)(1); see Schisler v. Sullivan, 3 F.3d 563, 567 (2d Cir. 1993). Dr. Elfenbein's report opined that there was "evidence of a moderate partial causally related disability," Record at 357; Doc 9, which is a legal determination that at the time was reserved for the Commissioner acting through an ALJ to make, see Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); see also 20 C.F.R. § 404.1527(e)(2)(i) ("[A]dministrative law judges must consider findings and other opinions of . . . medical specialists as opinion evidence, except for the ultimate determination about whether you are disabled."). To the extent the ALJ granted limited weight to Dr. Elfenbein's opinion, the ALJ did not apply an erroneous legal standard.

Dr. Elfenbein's findings that Mayo cites to—that Mayo limped, used a cane, could not maintain prolonged walking, and had limited external hip rotation—were considered by the ALJ. (Record at 16−17). There is no evidence that they were not given significant weight. Rather, the ALJ determined that even accounting for these limitations, the record as a whole demonstrated that any reported limitations were not as severe as alleged based on Mayo's conservative treatment, subsequent recovery, and reported activities. Id. at 17. Along with the record evidence described above, see supra, the remainder of Dr. Elfenbein's report provides substantial evidence for this determination. The report states that Mayo could lift up to 20 pounds, that he responded well to physical therapy, and that additional physical therapy would be beneficial as Mayo had not reached "maximum medical improvement." Record at 355−57; Doc 9. When Mayo was examined several months later by a different medical provider, the doctor reported that Mayo at that time did not use assistive devices to walk, could rise from his chair without difficulty, had full flexion in his left hip and 90 degrees in his right, had full range of motion in his knees and ankles, and self-reported cooking, cleaning, doing the laundry, shopping, and showering and dressing himself. (Record at 451-55; Doc 9). The ALJ's consideration of Dr. Elfenbein's medical opinion was not based on an erroneous legal standard.

Dr. Oh examined plaintiff several times between June 2013 and August 2015. (Record at 18). The ALJ considered Dr. Oh's opinions but gave them "little weight" "since they were developed under the particular standards of New York's workers's compensation law and regulations, which are distinct from the Social Security Act and regulations," they made findings "reserved to the Commission," and they "did not opin[e] as to [Mayo's] function-by-function abilities, which limited the[ir] possible probative value." Id. Dr. Oh's opinions include a "percentage of temporary impairment" figure that is frequently recorded as 100%. See, e.g.,

Record at 262, 336, 338, 340, 344, 457, 459, 461, 463, 524; Doc 9. Ultimate determinations with respect to whether someone is disabled are reserved for the Commission and cannot on their own be determinative. Snell, 177 F.3d at 133. The ALJ provided good reasons for giving limited weight to these statements.

Dr. Oh's other records, noting Mayo's right-sided weakness, soreness in his hip, and minimal Trendelenburg gait, were considered on review of the whole record, along with Dr. Oh's records on Mayo's recovery progress and use of Tylenol and physical therapy to treat his condition. (Record at 15−16). None of these reports conflict with the ALJ's determination that Mayo can perform light work subject to limitations. To the extent that any of Dr. Oh's observations would support a disability determination, they are not consistent with other substantial evidence in the record such as the opinions of other medical experts and are therefore properly not afforded controlling weight. Halloran, 362 F.3d at 32.

CONCLUSION

This Court adopts the recommendations of the R&R in their entirety. The defendant's motion for judgment on the pleadings is GRANTED. (Doc 17). Mayo's motion is DENIED. (Doc 11). The Clerk is directed to enter judgment for defendant and to close this case.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
 February 28, 2019